IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:11CR248 |
| | § | |
| MICHAEL ANGEL PADRON (6) | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a final revocation hearing on January 2, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by Wes Wynne.

Michael Padron was sentenced on July 10, 2014, before The Honorable Richard A. Schell of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Possess with Intent to Deliver 100 Grams or More of Heroin, a Class B felony. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months. Michael Padron was subsequently sentenced to 60 months imprisonment followed by 4 years supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, $100 special assessment, drug testing and treatment, and obtain a GED. On June 30, 2016, Michael Padron completed his period of imprisonment and began service of the supervision term.

On October 19, 2017, a motion to revoke Padron's supervised release was filed in the Eastern District of Texas with allegations that included drug use and possession, his failure to submit truthful monthly reports, and his failure to participate in a drug testing program. On

REPORT AND RECOMMENDATION – Page 1

November 9, 2017, Padron appeared in Court before United States Magistrate Judge Christine A. Nowak and had his supervised release revoked. He was subsequently sentenced to 4 months imprisonment followed by an additional term of 36 months of supervised release.

On September 20, 2018, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1477, *sealed*]. On January 2, 2019, an Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1504, *sealed*] was filed. The Amended Petition asserted that Defendant violated five (5) conditions of supervision, as follows: (1) Defendant must not commit another federal, state, or local crime; (2) after initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed; (3) Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change; (4) if Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours; (5) Defendant must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation office, in consultation with the treatment provider, will supervise Defendant's participation in the program. Defendant must pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) The defendant was arrested by the U.S. Marshals Service on November 14, 2018, for local warrants in Collin County, Texas. The defendant was subsequently indicted under Case No. 219-83404-2018 on October 4, 2018, for the felony drug trafficking crime of Knowingly Possessing with Intent to Deliver Four Grams or More but Less than 200 Grams of Cocaine; (2) The defendant failed to submit monthly reports for the months of July, August, and September 2018, as instructed; (3) Since the defendant reported for his initial office visit on March 2, 2018, the defendant was advised that he will need to find employment and provide documentation verifying his employment and salary. The defendant failed to provide documentation for the months of March, April, May, June, July, and August 2018; (4) On April 13, 2018, an officer with the McKinney Police Department was dispatched to the defendant's residence after dispatch received a call indicating there was suspicious activity at the defendant's residence. Upon arrival, police questioned the defendant as to why he was breaking a window to get inside the residence. The defendant was able to provide documentation showing his name on the house lease. The defendant failed to report this law enforcement contact; (5) On March 3, 2018, the defendant was enrolled in the random drug testing program at Addiction Treatment Resources in McKinney, Texas, and was required to submit to four drug tests per month. The defendant failed to report for testing on June 13 and June 19, 2018, and was subsequently discharged unsuccessfully from the program on July 2, 2018, due to failure to participate.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1), two (2), three (3), four (4) and five (5) of the Petition. Having considered the Petition and the plea of true to allegations one (1) through five (5) of the Petition, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

### **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of fifteen (15) months of imprisonment with no term of supervised release to follow.

The Court also recommends that Defendant be housed in the Bureau of Prisons in Fort Worth, Texas, if appropriate.

**SIGNED this 7th day of January, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE